UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEONTAE GORDON, | Case No. 08-12989 |
|     Plaintiff, | DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| GARY COLLINS and ROBERT MULVANEY, | MAGISTRATE JUDGE<br>VIRGINIA M. MORGAN |
|     Defendants.<br>_____ / | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [20],
AND
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [11]**

    Before the Court is the Magistrate Judge's Report and Recommendation [20] filed July 15, 2009, on Defendants' Motion for Summary Judgment [11]. The Report and Recommendation recommended that Defendant's Motion be granted in part and denied in part. Specifically, the Magistrate found that Defendants are entitled to summary judgment with respect to Plaintiff's due process claim, but not with respect to Plaintiff's retaliation claim. Additionally, the Magistrate found that Plaintiff is limited in the relief he can seek with respect to his claims against Defendants in their official capacities.

    This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Here, objections have been timely filed by both parties.

    I. *Plaintiff's Objection* [22]

    On August 28, 2008, Plaintiff timely filed an Objection [22] to the R&R, contesting the Magistrate's finding that, in the absence of an allegation of a constitutionally protected property or liberty interest, Plaintiff's due process claim must be dismissed.

    In the Report and Recommendation, the Magistrate provided numerous citations to both United States Supreme Court and Sixth Circuit case law holding that a prisoner is not entitled to due process before being designated as a Security Threat Group ("STG") member. *See* R&R at 15-16.

Plaintiff's Objection fails to acknowledge or address this controlling precedent.[1]

Therefore, as to Plaintiff's due process claim, the Court **DENIES** Plaintiff's Objection and **ADOPTS** the findings of the Report and Recommendation.

II. *Defendants' Objections* [21] *and Plaintiff's Response* [22]

On July 29, 2009, Defendants timely filed Objections [21] to the R&R, arguing that: (1) the Magistrate's finding that there is a genuine fact issue regarding the motivation for Plaintiff's security designation is not supported by the evidence; (2) Plaintiff's claims for declaratory and injunctive relief should be denied; (3) Plaintiff is not entitled to an equitable remedy because he seeks retrospective relief, and because his claim is now moot; and, (4) the Magistrate erred in denying Defendants qualified immunity. On August 10, 2009, Plaintiff filed a Response [24] (entitled "Reply") to Defendants' Objections.

First, Defendants object that the Magistrate erroneously found the existence of a genuine fact issue regarding the motivation for Plaintiff's security designation. *See* Defs.' Obj. at 2-6. Specifically, Defendants believe that "the Magistrate has created an issue of fact where none exists," and argue that the "inconsisten[cies]" identified in the Report and Recommendation are not inconsistencies, but simply indications that certain factors were weighed more heavily than others in determining Plaintiff's STG status. *Id.* at 4.

The record contains no specific explanation of the method by which the various factors were weighed, and the Defendants' somewhat divergent reports harmonized, in arriving at an ultimate conclusion regarding Plaintiff's security designation.[2] Defendants may ultimately succeed in proving the validity of their explanations, but in reviewing Defendants' summary judgment motion,

---

[1] Plaintiff's Objection focuses instead on Ninth Circuit case law holding that "prison disciplinary convictions be supported by 'some evidence' in order to satisfy due process." Pl.'s Obj. at 2 (quoting *Burnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1999)(internal citations omitted)). Noting that Ninth Circuit case law is not binding on the decision in this case, the Court further finds *Burnsworth* distinguishable because that case involved a conduct conviction resulting from a prison disciplinary hearing, not the application of a security classification of the sort involved in this case.

[2] The Court recognizes that Defendants have submitted citations to their own affidavits and briefs to substantiate their position regarding their subjective motivations for classifying Plaintiff as they did. *See* Defs.' Obj. at 4-6.

the Court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indust. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986).  As the Magistrate noted, a number of reasons have been offered in support of Plaintiff's ultimate STG designation, but those reasons were articulated differently and in varying combinations at various stages of the evolution of this claim.  Defendants argue that "the evidence is overwhelming that Plaintiff's STG designation was not based on his filing grievances," but when reviewing a motion for summary judgment, the "[C]ourt cannot make credibility determinations, weigh the evidence, or draw inferences from the facts."  *See Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir. 1996).

The Magistrate concludes that "a rational trier of fact could find for the plaintiff on the issue of causation," and although the issue of fact may be a bare one, the Court agrees.  Therefore, the Court **DENIES** Defendants' first enumerated objection, and **ADOPTS** the Report and Recommendation on this issue.

Second, Defendants object that Plaintiff's claims for declaratory and injunctive relief should be denied because the Magistrate read *Idaho v. Coeur d'Alene Tribe of Idaho* too restrictively.  *See* Defs.' Obj. at 6-9 (citing 521 U.S. 261 (1997)).

By Defendants' characterization, the Magistrate suggested that "*Coeur D'Alene* applies only to the functional equivalent of quiet title actions."  *See id.* at 9; R&R at 9.  Without so holding, the Court agrees with the Magistrate's identification of language in *Coeur D'Alene* that recognizes the "particular and special circumstances" of that case that barred the application of the *Ex Parte Young* exception to Eleventh Amendment immunity.  *See* R&R at 19; *Coeur d'Alene*, 521 U.S. at 287. Thus, the Court declines specifically to equate the "special sovereignty interest in lands" with a "special sovereignty interest" in "the operation of MDOC's prisons," as Defendants urge.  *See* Def.'s Obj. at 9.

Therefore, the Court **DENIES** Defendants' second enumerated objection, and **ADOPTS** the Report and Recommendation on this issue.

Third, Defendants object that Plaintiff is not entitled to an equitable remedy because he seeks relief based entirely on Defendants' past actions, and because Plaintiff's claim was rendered moot when he renounced any affiliation with an STG group and his security designation was removed. *See* Defs.' Obj. at 9-10 ("This case is clearly about past conduct of Defendants, not future conduct.

3

Therefore, the Court should deny Plaintiff's request for equitable relief."). In response, Plaintiff clarifies that he seeks "the expungement of all STG related documents from Plaintiff's prison records." Pl.'s Resp. at 6. Plaintiff cites MDOC Policy Directives to suggest scenarios in which Plaintiff's *prior* designation as an STG member – even a designation that was later removed – would impact his treatment both in prison and upon Plaintiff's potential re-entry into the community upon his release. *See id.* at 6-7.

Without deciding whether an injunction would indeed issue in the event that Plaintiff were to prove his retaliation claim, the Court acknowledges that Plaintiff appears to seek prospective relief. Because Defendants' Objection rests entirely on their argument that the only relevant harm is Defendants' past conduct, Defendants' third enumerated objection is **DENIED**, and the Court **ADOPTS** the Report and Recommendation on this issue.

Finally, Defendants object that the Magistrate erred in denying Defendants qualified immunity. Defs.' Obj. at 11. Defendants' argument appears to rest on the proposition that "Defendants have established that [their] approval of [Plaintiff's] STG designation was based on many factors, but not Plaintiff's grievances," and that "[t]herefore, Plaintiff's retaliation claim fails." *See id.*

In this Order, the Court has held to the contrary, finding that Plaintiff's retaliation claim does not fail as a matter of law. To the extent that Defendants' Objection as to qualified immunity presupposes the failure of Plaintiff's retaliation claim, their fourth enumerated objection is **DENIED**, and the Court **ADOPTS** the Report and Recommendation on this issue.

## CONCLUSION

In summary, the Court having reviewed the administrative record, the Magistrate's Report and Recommendation, and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation [20] is hereby **ADOPTED** and entered as the findings of the Court. Plaintiff's Objection [21] and Defendants' Objections [22] are both **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [11] is hereby **GRANTED IN PART AND DENIED IN PART**, as set forth in the Magistrate's Report and Recommendation.

Plaintiff's surviving claim for retaliation will be referred to the Court's pro bono program in an effort to locate volunteer counsel to represent Plaintiff through the duration of this action. Subsequently, this matter will be scheduled for trial.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager