**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEONTAE GORDON,

        Plaintiff,                                  Case Number: 08-12989

v.                                                   ARTHUR J. TARNOW
                                                     UNITED STATES DISTRICT JUDGE

GARY COLLINS and ROBERT MULVANEY,

                                                       VIRGINIA M. MORGAN
        Defendants.                     UNITED STATES MAGISTRATE JUDGE

_____/

## REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 52)

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that Defendants violated his First and Fourteenth Amendment rights under the United States Constitution by improperly designating him as a Security Threat Group (STG) member. Presently before the court is Defendants' second motion for summary judgment (Doc. No. 52). The court heard oral argument on November 3, 2010. For the reasons discussed at the hearing and below, the court recommends that Defendants' motion for summary judgment be **DENIED**.

### I. Background

The facts underlying this case are fully set out in this court's previous Report and Recommendation, issued on July 15, 2009. (Doc. No. 20). The court, therefore, will only summarize the facts pertinent to this motion below.

While Plaintiff was incarcerated at St. Louis Correctional Facility, Defendant Mulvaney, the

1

Central Office Security Threat Group Coordinator, classified Plaintiff as a STG member, based on the STG Member Identification form that Defendant Collins submitted to Mulvaney. Plaintiff alleges that the STG Member Identification form Collins submitted was fabricated, Mulvaney failed to verify the facts supporting the STG Member Identification form, and Mulvaney failed to hold an impartial hearing on the matter. (Compl. ¶¶ 17-20).

Mulvaney designated Plaintiff as an STG member of an "Non-validated Group" with an unknown rank within the gang. (Compl. ¶ 6). In essence, Mulvaney designated Plaintiff as the only member of a one-member gang. Plaintiff alleges the reasons given for his designation, self-admission, tattoos, and gang symbols, are pretextual and the actual reason he was designated was in retaliation for "Plaintiff not giving satisfactory answers to an unrelated investigation, filing numerous grievances on staff corruption, and refusing to sign STG paperwork." (Compl. ¶¶ 6-7, 14-15).

As a result of his designation as an STG member, Plaintiff alleges that his visitation rights and recreational privileges have been restricted and he has not been able to obtain a job within the prison. (Compl. ¶ 22). Plaintiff seeks a declaratory judgment that his constitutional rights were violated, an injunction ordering Mulvaney to reverse Plaintiff's STG designation and expunge all related documents from his filed, and punitive damages from both Defendants.

## II. Defendants' First Motion for Summary Judgment

This court granted in part and denied in part Defendants' first motion for summary judgment. (Doc. No. 20). With respect to Plaintiff's retaliation claim, the court found that a genuine issue of material fact existed as to whether Plaintiff's filing of 12 grievances one month prior to his designation as an STG member was a motivating factor in the STG member designation decision.

(Doc. No. 20, Report and Recommendation 9). The court also found that "the reasons given by defendants for the STG designation are shifting and inconsistent" and that a rational trier of fact could, therefore, find for plaintiff on the causation element of his retaliation claim. *Id.* at 11-13. The court granted Defendant summary judgment on Plaintiff's due process claim after concluding that Plaintiff could not demonstrate a protected interest. *Id.* at 16. Further, the court ruled that Plaintiff could seek injunctive relief from Defendants. *Id.* at 18-19.

### III. Defendants' Second Motion for Summary Judgment

In the instant motion for summary judgment, Defendants first argue that summary judgment should be entered on Plaintiff's retaliation claim because Plaintiff has not shown a physical injury, which Defendants argue is a necessary element to recover damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). (Doc. No. 52, Defs.' MSJ 3). Secondly, Defendants argue that if this court allows Plaintiff's First Amendment retaliation claim to go forward, the court should limit Plaintiff's damages to nominal and punitive damages. *Id.* at 5.

Plaintiff responds that the physical injury requirement does not apply in prisoner First Amendment case and notes that Judge Tarnow has previously opined that such a requirement would be unconstitutional. (Doc. No. 58, Pl.'s Resp. 5-6).

Defendants also argue that Mulvaney should be dismissed because there is no evidence that he knew about the grievances before he decided to designate Plaintiff as an STG member and, therefore, could not have retaliated against Plaintiff for filing the grievances. (Doc. No. 52, Defs.' MSJ 7).

Plaintiff urges the court to look at all of the evidence, including Mulvaney's deposition and affidavits, and conclude that a rational trier of fact could find that Mulvaney was in fact aware of

3

the grievances. (Doc. No. 58, Pl.'s Resp. 7). Plaintiff argues that Mulvaney's testimony is inconsistent and he has given many different reasons why he designated Plaintiff an STG member. *Id.* at 9. Plaintiff further argues that a jury should decide whether Mulvaney made his decision based on the documents he received, as he testified, or whether he considered other evidence too, an inference that is also supported by his testimony. *Id.* at 9.

The United States Court of Appeals for the Sixth Circuit has summarized the standard for summary judgment as follows:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

Defendants are not entitled to summary judgment on the ground that Plaintiff must have suffered a physical injury to seek relief for a First Amendment violation.

42 U.S.C. § 1997e(e), a section of the Prison Litigation Reform Act," states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff acknowledges that he has not suffered a physical injury as a result of the alleged First Amendment violation.

The Sixth Circuit has not addressed the issue in a published opinion. However, in an unpublished decision, the court reversed the district court and allowed a prisoner to argue for nominal, compensatory, and punitive damages flowing from a violation of his First Amendment

4

rights. See *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459, *2 (6th Cir. Sept.18, 2000) (unpublished).[1]

In addition, in this district, Judge Tarnow has held that § 1997e(e) is not applicable to First Amendment claims:

> The Court agrees with the foregoing authorities that § 1997e(e) is unconstitutional to the extent that it precludes First Amendment claims such as the one presented in this case. The Court holds that the jury was entitled to find that Plaintiff suffered mental or emotional damages as a result of Defendant's violation of his First Amendment rights. Any other interpretation of § 1997e(e) would be inconsistent with the law and also unconstitutional.

*Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 916 (E.D. Mich. 2006). *See also*, Meade v. Plummer, 344 F.Supp.2d 569, 573-74 (E.D. Mich.2004) (Lawson, J.). ("plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present" and that the plaintiff could still "recover nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries"); *Zygaj v. Granholm*, No. 07-14288, 2008 WL 2074388, *2 (E.D. Mich. May 14, 2008) (Battani, J.) (stating that the "majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury, not damages that do not involve mental or emotional injury" and adopting that majority view); *Shabazz v. Martin*, No. 00-73005, 2006 WL 305673, *6 (E.D. Mich. February 9, 2006) (Hood, J.) (holding that the plaintiff in that case was not precluded from recovery of monetary damages pursuant to § 1997e(e) merely because he failed to demonstrate that he has suffered a physical injury).

Based on the unpublished guidance from the Sixth Circuit and the cases from the Eastern

---

[1]*But see Raines-Bey v. Garber*, 215 F.3d 1325 (6th Cir. 2000) (affirming the dismissal of a prisoner's complaint when he had not alleged a physical injury as a result of a strip search); *Lucas v. Nichols*, 181 F.3d 102 (6th Cir. 1999) (affirming the district court's dismissal of a Prisoner's Eighth Amendment claim when the prisoner had not alleged a physical injury).

District, this court concludes that Plaintiff's First Amendment claim may go forward, even though he has not alleged or suffered a physical injury. To construe § 1997e(e) as precluding First Amendment claims, when a physical injury resulting from a First Amendment violation is nearly impossible to conceive of, would unilaterally deprive prisoners of their First Amendment rights, an outcome which was undoubtedly unintended by Congress and a position that is unsustainable under the federal constitution. For these reasons, the court would deny Defendants' summary judgment on this ground.

Also, the court will not limit Plaintiff's damages at this time. The limitation of damages is more appropriately considered at trial, at which time Defendants may file a motion in limine on this issue or request a jury instruction.

Defendants are also not entitled to dismissal of the retaliation claim against Mulvaney.

A First Amendment retaliation claim has three elements: 1) the plaintiff engaged in protected activity; 2) an adverse action was taken against the plaintiff "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and 3) a casual connection between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The only element that is in contention in this case is the third element, the causal connection.

As the court previously wrote in its earlier Report and Recommendation, Mulvaney has give many different and, at times conflicting, statements regarding the reasons he designated Plaintiff an STG member. Mulvaney's deposition testimony does not clarify those reasons further. Rather, at his deposition, he gave additional reasons why he designated Plaintiff an STG member, including, but not limited to, the fact that Plaintiff's behavior was "obnoxious" and that Plaintiff refused to explain his behavior to the staff on multiple occasions. (Doc. No. 58, Pl.'s Resp. Ex. 1, Mulvaney

Dep. 37). These reasons are newly added: Mulvaney had not previously cited Plaintiff's obnoxious behavior or his refusal to explain himself to the staff in the two affidavits he submitted to the court with Defendants' first motion for summary judgment. (Doc. No. 11, Defs.' First MSJ Ex. B, Mulvaney Aff.; Doc. No. 17, Defs.' Reply Ex. E, Second Mulvaney Aff.). Even though Mulvaney denied having knowledge of the grievances Plaintiff filed against prison staff members, Mulvaney's various accounts of why Plaintiff was designated an STG member create a factual issue that this court cannot resolve on a motion for summary judgment. A trier of fact must resolve this issue and make credibility determinations that are outside the scope of a motion for summary judgment. Accordingly, the court recommends that Defendants' motion for summary judgment as to Mulvaney again be denied.

## IV. Conclusion

For the reasons discussed on the record and delineated above, the court recommends that Defendants' motion for summary judgment be **DENIED**.

The parties may file objections to the Report and Recommendation portion of this opinion within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

.

                                              s/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: November 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 5, 2010.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan